IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELO S. RANDOLPH,<br>    Plaintiff,<br><br>v.<br><br>CHAD LOVELAND, *et al.*,<br>    Defendants. | Civil Action No. 2:18-cv-1686<br>Judge Mark R. Hornak<br>Magistrate Judge Patricia L. Dodge |

## **MEMORANDUM ORDER**

Angelo S. Randolph ("Plaintiff"), a *pro se* state prisoner who is currently housed at SCI Benner Township, has brought claims pursuant to 42 U.S.C. § 1983 against Chad Loveland, a Department of Corrections Officer and Mike Jenkins, a parole agent. Plaintiff alleges that the defendants violated his constitutional rights when they subjected him to excessive force, causing him to sustain a back injury.

Pending before the Court are Plaintiff's Motions for Appointment of Counsel. (ECF Nos. 55, 62.) Unlike criminal defendants, prisoners and indigent civil litigants have no constitutional or statutory right to counsel. *See, e.g., Parkell v. Danber*, 833 F.3d 313, 340 (3d Cir. 2016); *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The United States Court of Appeals for the Third Circuit has emphasized "that volunteer lawyer time is extremely valuable" and for that reason district courts should not request counsel "indiscriminately." *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993). It also observed "the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing

number of prisoner civil rights actions filed each year in the federal court; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*

District courts have "broad discretion to determine whether it is appropriate to ask an attorney to represent an indigent prisoner in a civil rights action." *Parkell*, 833 F.3d at 340. First, the district court should consider whether the case has some arguable merit. *Id.* If it does, then the court should consider a range of factors, including:

> 1. the plaintiff's ability to present his or her own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree of which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
> 5. the extent to which a case is likely to turn on credibility determinations, and;
> 6. whether the case will require testimony from expert witnesses.

*Id.* (quoting *Montgomery,* 294 F.3d at 499). *See also Tabron*, 6 F.3d at 155-57. This list is not exhaustive, nor is any one factor determinative. *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

Assuming for the purposes of this Memorandum and Order *only* that this case has arguable merit, the Court concludes that the balance of the above-cited factors weigh against the appointment of counsel. In support of his Motion, Plaintiff asserts that the issues in this case are complex, that he is not able to afford counsel, that a trial in this case will likely involve conflicting testimony which counsel would be better able to present and cross-examine, that he has made repeated efforts to obtain a lawyer, and that he has mental health issues and has been housed in the RHU for over a year.

Plaintiff contends that Magistrate Judge Lenihan indicated that a lawyer would be needed to manage the case. In fact, in a Memorandum Order dated January 4, 2019, Magistrate Judge Lenihan noted that the case was very straightforward and did not present complex issues of fact, the determinations involved were not likely to affect other prisoners, and that at that early stage it was not clear whether the claims would reach a jury, but if that occurred, the Court would reconsider and try to find counsel to represent the Plaintiff (ECF No. 7 at 3-4).[1] There have been no significant changes since that time. This case is not ready for trial. Rather, discovery is currently being conducted and the deadline for Defendants' motion for summary judgment is not until June 10, 2020. Therefore, the case is not at the stage at which it would be appropriate for the Court to consider Plaintiff's request.

None of the circumstances cited by Plaintiff persuade the Court that it should request an attorney to represent him at this time. This case does not present complex issues, and the filings Plaintiff has submitted thus far demonstrate that he has a basic understanding of his claims and the relevant law. In addition, as a *pro se* litigant, Plaintiff has the benefit of the holding in *Haines v. Kerner*, 404 U.S. 519 (1972), and its progeny, which provide that the court must liberally construe *pro se* pleadings. Moreover, Local Civil Rule 10.C indicates that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." *See also Parkell*, 833 F.3d at 340 ("Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of *special circumstances* indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex

---

[1] The case was reassigned to the undersigned on July 10, 2019.

but arguably meritorious case.'") (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)). The circumstances cited by Plaintiff are the same as those faced by most incarcerated litigants, and he has not identified any special circumstances that would justify the Court requesting counsel to represent him unless and until it proceeds to trial. Should the case survive any dispositive motions and appear ready to proceed to trial, the Court will reconsider his request.

In the first motion (ECF No. 55), Plaintiff also requests a copy of the docket sheet. A copy of the docket sheet is enclosed.

Based upon the forgoing, Plaintiff's Motions to Appoint Counsel (ECF Nos. 55, 62) are DENIED without prejudice.

So ORDERED this 7th day of February, 2020.

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge