IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANGELO S. RANDOLPH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:18-cv-1686 |
| v. | ) | Judge Mark R. Hornak |
| | ) | Magistrate Judge Patricia L. Dodge |
| CHAD LOVELAND, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM ORDER AND AMENDED CASE MANAGEMENT ORDER**

Angelo S. Randolph ("Plaintiff"), a *pro se* state prisoner who is currently housed at SCI Benner Township, has brought claims pursuant to 42 U.S.C. § 1983 against Chad Loveland, a Department of Corrections Officer, and Mike Jenkins, a parole agent. Plaintiff alleges that the defendants violated his constitutional rights when they subjected him to excessive force, causing him to sustain a back injury, and fabricated a report which resulted in him being sent back to prison as a parole violator.

Pending before the Court is a motion filed by Plaintiff on March 13, 2020 (ECF No. 67). In this motion, Plaintiff states that he is seeking access to evidence to advance his case, specifically, incident reports, grievances and appeals, disciplinary reports, investigative reports and a video recording of the incident that forms the basis of his Complaint. He refers to this Court's order of January 9, 2020 (ECF No. 60), which directed Defendants to provide him with these items, and notes that both Loveland and Jenkins have indicated that they have no responsive documents. He repeats his request for appointment of counsel and requests an extension of time within which to complete discovery, which is currently due by April 10, 2020.

The Court will address each of these issues.

### Access to Evidence

As Plaintiff notes, the Court entered an order on January 9, 2020 that directed the Defendants to provide him with:

> (1) All incident reports, grievances and appeals therefrom, disciplinary reports, investigative reports or other similar documents in its/their possession concerning the alleged incident or incidents described in the Complaint;
>
> (2) All records in its/their possession regarding Plaintiff that relate to the claims in his Complaint.

(ECF No. 60.) Defendants were also directed to notify the Court by February 10, 2020 that they had complied with this order.

Each defendant filed a Certificate of Compliance stating that he was not in possession of any documents relating to the incident described in Plaintiff's Complaint and had notified Plaintiff accordingly.

Previously, on May 21, 2019, Defendant Loveland filed a motion to dismiss or in the alternative, for summary judgment (ECF No. 26). Attached to his Concise Statement of Material Facts was an Appendix which included Loveland's affidavit. Loveland's affidavit includes two incident reports concerning the matter that forms the basis of Plaintiff's Complaint (ECF No. 28-2, 28-3.) In order to ensure that Plaintiff has access to these documents, Defendant Loveland is directed to send copies of these incident reports to Plaintiff and to submit a Certificate of Compliance indicating that he has done so.

Plaintiff states that he believes that there is a video recording of the incident involving Defendant Loveland and him. Although the Court understands that Loveland does not have

2

possession of such a video, the Court directs Defendant Loveland to provide in the same Certificate of Compliance any information in his possession, if any, as to whether a video exists and if so, the person or entity who has custody or control of it.

Other than as noted above, Defendants have indicated that they have no responsive documents in their possession and there is no basis for concluding otherwise. Plaintiff states that he wrote to the Arnold Police Department seeking certain items. However, the Arnold Police Department is not a party to this action. If it does not respond to Plaintiff's request, he would have to utilize the subpoena procedure set forth in Rule 45 of the Federal Rules of Civil Procedure to request the production of documents that he believes may exist. If Plaintiff wishes to obtain information by means of a subpoena, he must first file a motion in which he identifies any person or entity who he wants to subpoena, as well as a specific itemization of the documents he seeks. After Defendants have an opportunity to respond, the Court will determine if a subpoena may be served as well as the process for doing so.

Appointment of Counsel

Plaintiff has filed six motions for appointment of counsel (ECF Nos. 6, 9, 32, 37, 55, 62), all of which have been denied. The case is currently in discovery and Defendants' motions for summary judgment are due by June 10, 2020. As Plaintiff was previously advised, the Court will not consider seeking counsel for Plaintiff until the case has progressed past the dispositive motion stage.

For all of the reasons identified in this Court's order of February 7, 2020, the Court will not seek to obtain counsel for Plaintiff at this time. Should the case survive any dispositive motions and appear ready to proceed to trial, the Court will reconsider his request.

Extension of Time

Finally, Plaintiff requests an extension of time in which to complete discovery. Given the current discovery issues addressed in this Order, his motion will be granted.

Therefore, it is ORDERED that Plaintiff's motion is granted in part and denied in part, as follows:

No later than **April 3, 2020**, Defendant Loveland shall mail to Plaintiff another copy of the incident reports that were attached to his affidavit submitted in support of his motion for summary judgment. By the same date, Defendant Loveland shall file and serve a Notice of Compliance indicating that he has done so. In the same Notice, he shall provide any information in his possession, if any, as to whether a video of the incident exists and if so, the person or entity who has custody or control of it.

Plaintiff's motion to obtain other evidence not in the possession of the Defendants is denied. In the event that Plaintiff wishes to obtain documents from a person or entity who is not a defendant in this action, he must first file a motion in which he identifies any person or entity he wants to subpoena, as well as a specific itemization of the documents he seeks. Any such motion must be filed no later than **April 6, 2020.**

Plaintiff's motion for appointment of counsel is denied without prejudice.

Plaintiff's motion for extension of time is granted. The discovery deadline is extended until **May 29, 2020**. Summary judgment motions are due by **July 31, 2020**. Responses to motions for summary judgment due by **August 31, 2020**. Plaintiff's Pretrial Statement is due by **September 20, 2020** and Defendant's Pretrial Statement is due by **October 30, 2020.**

SO ORDERED this 23rd day of March, 2020.

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge


cc: ANGELO S. RANDOLPH
GE3735
SCI Benner Township
301 Institution Dr.
Bellefonte, PA 16823